UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDGAR HERNANDEZ, an individual; MATTHEW MARTINO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY; VICTORIA L. PEARL, an individual; DOES 1 through 10; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:25-cv-00771-GMK-NJK<br><br>**<u>ORDER GRANTING STIPULATION TO EXTEND DISCOVERY DEADLINES</u>**<br><br>**(THIRD REQUEST)** |

Pursuant to LR IA 6-1 and LR II 26-3, Plaintiffs, EDGAR HERNANDEZ and MATTHEW MARTINO, by and through their counsel of record, The Schnitzer Law Firm and Vegas Valley Injury Law, and Defendants PROGRESSIVE DIRECT INSURANCE COMPANY and VICTORIA L. PEARL, by and through their counsel of record, KEATING LAW GROUP, respectfully submit the following stipulation requesting that this Court extend discovery in the above-captioned case by sixty (60) days, up to and including January 10, 2026, This stipulation is being made less than 21 days before the expiration of the current expert disclosure deadline and is being entered into in good faith and not for the purpose of delay. Undersigned counsel is cognizant of and appreciates the fact that an extension of the dates contained within the Scheduling Order was granted on or about August 19, 2025. However, in light of recent scheduling difficulties, the parties have agreed to extend the deadlines another 60 days so that all necessary depositions can be conducted and transcripts be made available for the claims

handling experts who will require this testimony. The current discovery schedule does not allow for this to take place. For good cause and in support of this stipulation and request, the parties state as follows:

This case originally arose as the result of a motor vehicle accident which occurred on March 1, 2021 in Las Vegas, Nevada. At the time of the accident, Matthew Martino was insured by Progressive Insurance Company and suit was filed against him in Case No. A-21-834709-C. Progressive provided a defense to Martino and the case was litigated and culminated in a jury trial which began on March 6, 2023. On June 30, 2023, the court in the underlying matter entered judgment in favor of Edgar Hernandez and against Matthew Martino in the amount of $130,187.48 which included costs and attorneys' fees. Following the judgment, Martino assigned his rights against Progressive to Hernandez. On December 12, 2024, a Complaint was filed in Case No. A-24-907974-C entitled *Edgar Hernandez and Matthew Martino v. Progressive Direct Insurance Company and Victoria Pearl*. It is important to note that this case is not a typical UIM claim with bad faith allegations against the insurance company. Instead, the claims against Progressive arise from an alleged failure to settle a third-party claim which resulted in years of litigation culminating in a jury verdict and judgment against the insured for which the insured and the Plaintiff in the underlying case now seek damages against Progressive as well as the adjuster assigned to the underlying claim, Victoria Pearl. Due to the extensive claims history spanning several years this case has required additional time beyond the standard discovery permitted under the Federal Rules of Civil Procedure. While counsel is very cognizant of the Court's desire to move cases as quickly as possible through the system, this is a case that requires additional time for the reasons set forth herein.

I.  **DISCOVERY AND OTHER PERTINENT EVENTS COMPLETED TO DATE:**

To date, the following discovery and other important items have been completed:

- On May 7, 2025, Defendant, Victoria L. Pearl's filed a Motion to Dismiss;
- On May 21, 2025, Plaintiffs filed a response to Defendant, Victoria L. Pearl's Motion to Dismiss;
- On May 21, 2025, Plaintiffs filed a Motion to Remand;
- On May 28, 2023, Defendant, Victoria L. Pearl's filed a Reply to her Motion to Dismiss;
- On May 21, 2025, Defendants filed a Response to the Motion to Remand;
- On June 11, 2025, Plaintiffs filed a Reply to the Motion to Remand;
- The parties have served their FRCP Rule 26 Initial Disclosures and Supplements;
- Plaintiff, Edgar Hernandez propounded written discovery on Defendant, Progressive Direct Insurance Company, and Defendant timely responded producing 450 pages of additional documents;
- Defendant, Progressive Direct Insurance Company propounded written discovery on Plaintiff, Edgar Hernandez, and Plaintiff, Edgar Hernandez timely responded;
- Defendant, Progressive Direct Insurance Company propounded written discovery on Plaintiff, Matthew Martino, and Plaintiff, Matthew Martino;
- Defendant has retained a claims handling expert who is still in the process of reviewing the voluminous claim file materials that are the subject of the instant lawsuit;
- The deposition of Plaintiff, Edgar Hernandez took place on October 6, 2025;
- The deposition of Plaintiff Matthew Martino also took place on October 6, 2025;
- The deposition of Jennifer Micheri, Esq. has been unilaterally set for October 27, 2025; and
- The deposition of Defendant Victoria L. Pearl has been unilaterally set for October 28, 2025.

II.  **DISCOVERY THAT REMAINS TO BE COMPLETED:**

- Deposition of Defendant, Victoria L. Pearl;
- Deposition of Jennifer Micheri, Esq.;
- Deposition of a 30(b)(6) Witness for Defendant Progressive Direct Insurance

3

Company;

- Deposition of Kristopher T. Zeppenfeld, Esq.;
- Initial and Rebuttal Expert Disclosures;
- Depositions of the parties' expert witnesses; and
- Additional discovery that may be necessary and allowed under the applicable rules.

### III.    GOOD CAUSE JUSTIFYING THE REQUESTED EXTENSION/ EXCUSABLE NEGLECT

As set forth above, the parties are very cognizant of their obligations with respect to diligence and the discovery efforts that have been undertaken to date. Since the entry of the Court's August 19, 2025, Order extending the case management deadlines in this matter, the parties have propounded and responded to extensive discovery requests and the depositions of both Plaintiffs have been completed. In addition, Plaintiff has set depositions of Jennifer Micheri, Esq., counsel for Matthew Martino in the underlying matter and Defendant Victoria L. Pearl for October 27, 2025 and October 28, 2025, respectively.

In addition to the difficult task of coordinating multiple depositions for multiple attorneys, including the attorney deponents, unfortunately, counsel for the defense, John T. Keating, has been attending to the prolonged illness and death in the family as his father-in-law passed away on October 10, 2025. The funeral is being held on October 28, 2025, and the date was not available for the deposition of Jennifer Micheri, Esq. or Victoria Pearl. In addition, the personal family issues have taken the undersigned out of the office and have resulted in unexpected delays as a result. In addition, it has been challenging finding dates for the attorney deponents and Progressive personnel as well. While there is time remaining for discovery, the goal of both sides is to have the depositions completed prior to the expert disclosure date so that the experts can review everything at the same time before authoring their respective reports on the claims handling.

Specifically, a claims handling expert on behalf of each party has been retained and has been provided with the materials of review. However, they will need additional time after the completion of the party depositions, including that of Victoria L. Pearl, as well as the deposition of Mr. Martino's prior defense counsel, to complete their analysis and report. The current deadline to disclose initial experts is November 3, 2025, and this simply does not provide sufficient time for the experts.

With respect to excusable neglect, there is no danger of prejudice to the non-moving party as each party, working together, is seeking to extend the deadlines and Plaintiff's counsel has shown defense counsel not only professional courtesy, but compassion, in agreeing to this short extension due to this difficult time for defense counsel's family. Thus, there is no prejudice. The second factor related to the length of the delay and its potential impact on judicial proceedings also warrants a finding of excusable neglect. Specifically, the deadlines to be extended are not sought for purposes of delay but instead are sought in an effort to ensure that discovery is completed efficiently. It should also be noted that counsel has a good relationship from working together in other cases and will be working together in this case to make sure that all of the discovery is completed as quickly as possible. The completion of all discovery will also be important as it is anticipated that there will likely be dispositive motions filed at the close of discovery as well. With respect to the third factor, the reason for the delay is simply the attorneys trying to work as efficiently as possible in a complex case which involves defending the handling of a claim that spanned several years, ultimately ending in a civil jury trial. Lastly, the fourth factor regarding good faith is satisfied as both parties are working together and have exercised good faith throughout the course of the litigation to date. As a result, it is respectfully requested, and with sincere deference to the Court's concerns regarding the need to promote efficiency that this request be granted so that when and if the trial proceeds it will be truly on the merits after both parties have been

5

able to conduct the relevant and necessary discovery.

### IV. PROPOSED DISCOVERY SCHEDULE[1]

| Discovery | Current Deadline | Proposed Deadline |
|---|---|---|
| Amend Pleadings/Add Parties | Closed | Closed |
| Initial Expert Disclosures | November 3, 2025 | January 2, 2026 |
| Rebuttal Expert Disclosures | December 3, 2025 | February 2, 2026 |
| Discovery Cut-Off | January 10, 2026 | March 11, 2026 |
| Dispositive Motions | February 10, 2026 | April 13, 2026 |
| Pre-Trial Order | March 10, 2026 | May 11, 2026<br>*If dispositive motions are pending, then the parties will serve their Joint Pretrial Order within thirty days of the Court's order as to the parties' dispositive motions.* |

### ORDER

**IT IS SO ORDERED** that the parties' stipulation to extend discovery deadlines is hereby GRANTED.

DATED: __November 6, 2025__          _____
UNITED STATES MAGISTRATE JUDGE
CASE NO. 2:25-cv-00771-GMK-NJK

---

[1] Deadlines that fall on a Saturday, Sunday or Holiday have been moved to the next business day.