UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDGAR HERNANDEZ, *et al.*,

                    Plaintiffs,

          vs.

PROGRESSIVE DIRECT INSURANCE
COMPANY, *et al.*,

                    Defendant.

Case No.: 2:25-cv-00771-GMN-NJK

ORDER DENYING MOTION TO
REMAND AND MOTION TO
DISMISS

Pending before the Court is the Motion to Remand, (ECF No. 15), filed by Plaintiffs Edgar Hernandez and Matthew Martino.  Defendants Progressive Direct Insurance and Victoria L. Pearl filed a Response, (ECF No. 20), to which Plaintiffs replied, (ECF No. 23).  Further pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendant Pearl. Plaintiffs filed a Response, (ECF No. 17), to which Defendants filed a Reply, (ECF No. 18). For the reasons discussed below, the Court DENIES Plaintiffs' Motion to Remand and DENIES Defendant Pearl's Motion to Dismiss as moot.

I.      **BACKGROUND**

This case arises from an insurance contract dispute between Plaintiffs and Defendants. (Compl. ¶¶ 13–22, ECF No. 1-2).  Following a motor vehicle accident between Plaintiffs, Plaintiff Hernandez submitted a policy limit demand to Defendant Progressive, which was denied. (*Id.* ¶ 21).  The demand was assigned to Defendant Pearl, an insurance claims adjuster employed by Defendant Progressive. (*Id.* ¶¶ 4, 21).  The policy limit demand submitted by Plaintiff Hernandez was denied by Defendant Progressive, which instead offered Plaintiff Hernandez a much lower amount. (*Id.* ¶ 21).  Plaintiff Hernandez rejected the counteroffer, and this lawsuit followed. (*Id.* ¶¶ 22–25).

Plaintiffs filed their initial Complaint in the Eighth Judicial District Court for the State of Nevada, asserting seven causes of action: (1) breach of contract against Defendant Progressive, (2) tortious breach of the implied covenant of good faith and fair dealing against both Defendants, (3) contractual breach of the implied covenant of good faith and fair dealing against Defendant Progressive, (4) unfair practice claims under Nevada Revised Statute ("NRS") 686A.310 and 686A.675 against Defendant Progressive, (5) declaratory relief, (6) satisfaction and enforcement of judgment, and (7) absolute liability under NRS 485.3091. (*Id.* ¶¶ 49–170). Defendants thereafter removed to this Court. (Pet. Removal 1:20–25, ECF No. 1). Plaintiffs now move to remand this case back to state court and seek reasonable attorneys' fees and costs incurred in addressing Defendants' removal of the case. (Mot. Remand 1:25–27, 9:24–26, ECF No. 15). Further, Defendant Pearl moves to dismiss all claims against her. (Mot. Dismiss 1:18–19, ECF No. 13).

## II.      LEGAL STANDARD

### A.      Motion to Remand

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Diversity is determined, and must exist, at the time the complaint is filed, and removal is affected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  "Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris*, 236 F.3d at 1067.  "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted).  Furthermore, if fraudulent joinder is found, "the Court does have 'discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action.'" *Tracey v. Am. Fam. Mut. Ins. Co.,* No. 2:09-CV-01257-RCJ-PAL, 2009 WL 3754209, at *2 (D. Nev. Nov. 5, 2009) (quoting *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 277 (9th Cir. 1980)).

### B.    Motion to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, FRCP 12(b)(6) requires "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

The Court addresses each pending motion in turn.

### A.   Plaintiffs' Motion to Remand

Plaintiffs argue that remand is appropriate because Defendants failed to establish that this Court has complete diversity jurisdiction because both Plaintiffs and Defendant Pearl are citizens of Nevada. (Mot. Remand 5:21–25). Defendants argue that Defendant Pearl was fraudulently joined, and this Court thus has diversity jurisdiction over this case. (Resp. Mot. Remand 2:20–3:3, ECF No. 20).

///

///

### 1. Defendant Pearl was Fraudulently Joined

Joinder of a nondiverse defendant is deemed fraudulent where a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state" whose substantive law applies. *Morris*, 236 F.3d at 1067 (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  There need only be a *possibility* that a Nevada state court could find that the complaint states a claim against the allegedly fraudulent defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046).  Where a court finds that a resident defendant has been fraudulently joined, it must dismiss them from the case. *Isaacs v. Broido*, 358 Fed. App'x 874, 876 (9th Cir. 2009).

Plaintiffs contend that Defendant Pearl is not fraudulently joined because a Nevada state court could find that they have asserted viable claims for tortious and contractual breach of the covenant of good faith and fair dealing against Defendant Pearl. (Mot. Remand 8:7–9). Plaintiffs argue that because the Nevada Supreme Court has not explicitly decided whether individual adjusters can be held personally liable by an insured, the state court *could* decide that individual adjusters can be held liable.  Thus, there remains a possibility that Plaintiffs' claims against Defendant Pearl are viable, and remand is appropriate. (Reply 4:3–5, ECF No. 23). Defendants argue in response that under settled Nevada law, a claim for tortious breach of the implied covenant of good faith and fair dealing requires contractual privity between the parties, which is absent here. (Resp. Mot. Remand 5:5–6:6).

It is well settled under Nevada law that a claim for tortious breach of the implied covenant of good faith and fair dealing, also referred to as a "bad faith" claim, requires contractual privity between the parties. *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989).  In *McClelland*, the Nevada Supreme Court explained that "[l]iability for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an

underlying contractual relationship." *Id.* "Where no contractual relationship exists, no recovery for bad faith is allowed." *Id.* Here, the only claim asserted against Defendant Pearl is a claim for the tort of bad faith. (Compl. ¶¶ 74–114). However, as Plaintiffs concede, no contractual relationship exists between Plaintiffs and Defendant Pearl. (Mot. Remand 8:5–6); (Resp. Mot. Remand 5:5–9). Thus, under settled Nevada law, there is no possibility that a Nevada state court could find that the Complaint states a claim against Defendant Pearl.

While Plaintiffs contend that the Nevada Supreme Court has not addressed "independent liability for adjusters," they confuse the issues. (Reply 4:3–4). To be sure, other Judges in this District have recognized that the Nevada Supreme Court has not explicitly held that a claim for *negligence* can or cannot be asserted against a claims adjuster. *See O'Brien v. Progressive Direct Ins. Co.*, No. 2:20-CV-1901-JCM-NJK, 2021 WL 2301928, at *3–4 (D. Nev. June 4, 2021); *Silon v. Am. Home Assur. Co.*, No. 2:08-CV-1798-RCJ-LRL, 2009 WL 1090700, at *2–3 (D. Nev. Apr. 21, 2009). Here, however, Plaintiffs do not assert a claim for negligence against Defendant Pearl. (*See* Compl. ¶¶ 49–170); *see also O'Brien*, 2021 WL 2301928, at *3 (distinguishing between a claim for negligence and a claim for the tort of bad faith).

Thus, because the Court finds that Defendant Pearl was fraudulently joined, the Court DENIES Plaintiffs' Motion to Remand and dismisses Defendant Pearl from the case with prejudice.[1] Further, because Defendant Pearl's Motion to Dismiss only seeks dismissal of Defendant Pearl, the Court DENIES the Motion to Dismiss as moot.

///

///

///

///

---

[1] Because the Court denies Plaintiffs' Motion to Remand, it need not consider Plaintiffs' request for attorneys' fees and costs.

IV.    **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, (ECF No. 15), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Pearl is **DISMISSED** as a party with prejudice.

**IT IS FURTHER ORDERED** that Defendant Pearl's Motion to Dismiss, (ECF No. 13), is **DENIED** as moot.

**DATED** this __23__ day of February, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court