**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDGAR HERNANDEZ, et al.,

     Plaintiffs,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY, et al.,

     Defendants.

Case No. 2:25-cv-00771-GMN-NJK

**Order**

[Docket Nos. 34, 39]

Pending before the Court is Plaintiffs' motion to compel.  Docket No. 34.  Defendant Progressive Direct Insurance Company filed a response.  Docket No. 37.  Plaintiff filed a reply.  Docket No. 38.  Also pending before the Court is Plaintiffs' motion for leave to file a supplement to the motion to compel.  Docket No. 39.  Defendant Progressive Direct Insurance Company filed a response.  Docket No. 41.  Plaintiffs filed a reply.  Docket No. 43.

**I.     BACKGROUND**

This case arises from a car accident in which Matthew Martino admitted fault for rear-ending Edgar Hernandez's vehicle.  Docket No. 34 at 3.  Martino was driving a vehicle insured under his Progressive Direct Insurance Company policy, which provided up to $25,000 per person in bodily injury liability coverage.  *Id.*  Hernandez suffered injuries requiring treatment and, on April 30, 2021, presented Progressive with a demand for policy limits.  *Id.* at 4.  On May 13, 2021, Progressive offered Hernandez less than his incurred medicals; therefore, on May 17, 2021, Hernandez filed suit against Martino in state court.  *Id.*  On July 28, 2021, Progressive offered Hernandez the $25,000 policy limit, which was rejected as untimely.  *Id.*  Progressive retained law firm Dennett Winspear to defend Martino in the state court litigation.  *Id.*  In March 2023, a jury found Martino negligent and awarded Hernandez $74,050.  *Id.*  Plaintiffs Hernandez and Martino then filed the instant suit, alleging Defendant Progressive's bad faith handling of the underlying claim breached industry standards and Nevada regulations.  *Id.*

1

Plaintiffs contend that Defendant Progressive and Dennett Winspear are withholding key documents from the underlying claims file and litigation communications despite Plaintiff Martino's signed release waiving all such privileges. Docket No. 34 at 3, 5. Plaintiffs seek to compel Defendant Progressive and Dennett Winspear to produce all withheld documents. *Id.* Plaintiffs also seek leave to file a supplement to the motion to compel. Docket No. 39.

## II.    STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purpose of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)).

---

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery."  *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court."  *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests."  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

## III.    MOTION TO COMPEL, DOCKET NO. 34

There are several issues with the instant briefing.  To begin, much of the parties' motion practice is devoted to arguing which standards and analysis apply to their dispute.  Judges within this District have ruled that at-issue waiver in the bad faith insurance context is governed by the *Hearn* test.  *See Wood v. Nautilus Ins. Co.*, 2021 WL 5415330, at *2-3 (D. Nev. Nov. 18, 2021) (citing *Spargo v. State Farm Fire & Cas. Co.*, 2017 WL 2695292 (D. Nev. June 22, 2017)).  The Court finds that these standards apply to the assertion of at-issue waiver in this case; therefore, future conferral efforts and any future motion practice must track these standards.

Further, Plaintiffs' motion did not engage with specific information or documents in dispute, but instead sought a blanket ruling requiring disclosure.  *See* Docket No. 34 at 1 (seeking to compel claim notes from Defendant Progressive and client file from Dennett Winspear), 3 (seeking to compel withheld emails, notes, and reports), and 14 (seeking production of all withheld documents).  The Court declines to resolve important privilege issues based on generalized argument.  *Cf. Wood*, 2021 WL 5415330 at *3 (addressing whether specific communications

regarding four re-tenders must be produced).  Any future motion practice must more clearly explain what it is that Plaintiff seeks.

Defendant's briefing is similarly deficient.  Defendant submits that its "Privilege Log … is largely based upon the issue that the documents are not relevant to the present litigation because they are not proportional to the scope of allowable discovery."  Docket No. 37 at 5.  However, "[t]he purpose of a privilege log in our federal system is to list the materials withheld under any claim of privilege and to specify certain time-honored particulars as to each item withheld."  *See Waymo LLC v. Uber Techs., Inc.*, 319 F.R.D. 284, 288 (N.D. Cal. April 10, 2017).  Defendant fails to provide any authority supporting its withholding of documents on a privilege log on the basis that they are not relevant and/or not proportional.  *See* Docket No. 37 at 5-6.

Moreover, Defendant contends that "[t]he materials in question which plaintiffs seek are correspondence and documents between Defendant and retained counsel during litigation;" however, this contention ignores the multitude of claims notes entries on Defendant's privilege log which appear to be authored by Defendant's employees and do not include a recipient.  *See* Docket Nos. 34-3 at 2-21; 37-3 at 2-21.  Further, Defendant has invoked "Post-Litigation Communications and/or Mental Impressions of Adjuster; Work Product; Attorney-Client Privilege" as to every entry in its privilege log.  *See* Docket Nos. 34-3, 37-3.  "Courts routinely reject blanket privilege assertions."  *See PlayUp, Inc. v. Mintas*, 2026 WL 1079397, at *1 (D. Nev. Apr. 21, 2026) (citing *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev. 1993)).[2]

Accordingly, the Court **DENIES** the motion to compel without prejudice.  Docket No. 34.

**IV.    MOTION FOR LEAVE TO FILE, DOCKET NO. 39**

Plaintiffs seek leave to file a supplemental brief in support of their motion to compel. Docket No. 39.  Plaintiffs submit that the supplemental brief would inform the Court of deposition testimony obtained after briefing of the motion to compel was completed that bears directly on the Court's determination of the motion to compel.  *Id.* at 1-2.  Further, Plaintiffs submit that the deposition testimony of Jennifer Insley Micheri, the defense counsel retained by Progressive to

---

[2] To be clear, the Court has not endeavored to catalogue every deficiency in the parties' briefing and Defendant's privilege log.

represent Martino in the underlying litigation, provides critical evidence as to the nature of the redacted communications between Progressive and defense counsel during the underlying litigation. *Id.* at 4.

Given that the Court has denied the motion to compel without prejudice, the motion for leave to file a supplement is **DENIED** as moot. Docket No. 39.

**V.      CONCLUSION**

For the reasons provided above, the Court **DENIES** Plaintiffs' motion to compel without prejudice. Docket No. 34. The Court **DENIES** Plaintiffs' motion for leave to file a supplement as moot. Docket No. 39. The parties must reengage in conferral efforts that are in-person, by video, or by telephone, no later than May 8, 2026. This discussion must be fulsome and must be conducted in the spirit of cooperation that is required. If necessary, any renewed motion to compel must be filed no later than May 12, 2026. Any renewed briefing—by both parties—must also be structured so that meaningful discussion supported by legal authority is presented as to each issue.

IT IS SO ORDERED.

Dated: April 28, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge