**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDGAR HERNANDEZ, et al.,

     Plaintiffs,

v.

PROGRESSIVE DIRECT INSURANCE
COMPANY, et al.,

     Defendants.

Case No. 2:25-cv-00771-GMN-NJK

**Order**

[Docket No. 49]

Pending before the Court is Plaintiffs' motion to compel.  Docket No. 49.  Defendant Progressive Direct Insurance Company filed a response.  Docket No. 62.  Plaintiff filed a reply.  Docket No. 64.

**I.      BACKGROUND**

This case arises from a car accident in which Matthew Martino admitted fault for rear-ending Edgar Hernandez's vehicle.  Docket No. 34 at 3.  Martino was driving a vehicle insured under his Progressive Direct Insurance Company policy, which provided up to $25,000 per person in bodily injury liability coverage.  *Id.*  Hernandez suffered injuries requiring treatment and, on April 30, 2021, presented Progressive with a demand for policy limits.  *Id.* at 4.  On May 13, 2021, Progressive offered Hernandez less than his incurred medicals; therefore, on May 17, 2021, Hernandez filed suit against Martino in state court.  *Id.*  On July 28, 2021, Progressive offered Hernandez the $25,000 policy limit, which was rejected as untimely.  *Id.*  Progressive retained law firm Dennett Winspear to defend Martino in the state court litigation.  *Id.*  In March 2023, a jury found Martino negligent and awarded Hernandez $74,050.  *Id.*  Plaintiffs Hernandez and Martino then filed the instant suit, alleging Defendant Progressive's bad faith handling of the underlying claim breached industry standards and Nevada regulations.  *Id.*

Plaintiffs seek to compel an MDP/Decision Point report that Defendant is withholding under a business/trade secret label.  Docket No. 49 at 3.  Plaintiffs contend that the document is a

six-page vendor report that was created in the ordinary course of Defendant's handling of Plaintiff Hernandez's bodily injury claim. *Id.* Further, Plaintiffs contend that, during the deposition of Defendant's claim adjuster, Victoria Pearl, Ms. Pearl testified that she used the program in evaluating Plaintiff Hernandez's claim. *Id.* at 4-5. Defendant submits that MDP is a tool that a claims adjuster can use to assist in the evaluation of a claim by inputting medical bills and diagnosis codes. Docket No. 62 at 2. Further, Defendant submits that MDP generates a report that recommends an amount of reasonable and necessary medical expenses, but the adjuster is not required to follow this recommendation. *Id.* Additionally, Defendant contends that Ms. Pearl did not use the recommended MDP figure in her evaluation. *Id.* at 3. Plaintiffs seek an order compelling production of the MDP/Decision Point report, directing Defendant to produce any other nonprivileged vendor report or evaluation that is being withheld on "business/trade secret" grounds, and awarding Plaintiffs their fees incurred in bringing this motion. Docket No. 49 at 11.

## II.   STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's

---

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purpose of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

**III.   ANALYSIS**

Defendant submits three arguments in opposition to Plaintiffs' motion to compel production of the MDP/Decision Point report. Docket No. 62 at 5-8. The Court considers each in turn, and then considers Plaintiffs' request for fees.

First, Defendant submits that the production of the MDP/Decision Point report is not proportional to the needs of the case because Defendant's employee deviated from the recommended MDP figure in assessing Plaintiff Hernandez's demand. Docket No. 62 at 5-7. The Court disagrees. Even if Ms. Pearl deviated from the recommended figure in her evaluation, Ms.

Pearl obtained an MDP report for Plaintiff Hernandez's claim; therefore, the program was used in the process of evaluating Plaintiff Hernandez's demand. *See* Docket No. 49 at 4-5 ("Pearl confirmed that she used MDP on Mr. Hernandez's claim"); *see also* Docket No. 62 at 3 ("Pearl obtained an MDP report which indicated that the appropriate amount of medical specials was $1,191.08. However, Pearl did not use this figure in her evaluation"). Further, Ms. Pearl's decision to deviate from the recommended figure provides additional insight into how Defendant evaluated Plaintiff Hernandez's demand and made its counter-offer decision. Thus, the proportionality analysis weighs in favor of compelling production.

Second, Defendant contends that the MDP/Decision Point report is subject to business/trade secret privilege. *See* Docket No. 62 at 7-8. However, Defendant fails to cite any authority supporting its contention. Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion"). Instead, Defendant contends that it complied with the parties' stipulated protective order—which allows a party to designate a document as confidential by stamping "TRADE SECRET" on the face of the document. Docket No. 62 at 7-8. However, Defendant fails to explain why designating the document as confidential pursuant to the parties' stipulated protective order justifies Defendant's withholding of the document.

Third, Defendant contends that, even if the MDP/Decision Point report was ordinary work product, Plaintiffs have failed to demonstrate a substantial need for the report to prepare their case. Docket No. 62 at 8. Defendant fails to cite any authority supporting the contention that the MDP/Decision Point report is either ordinary work product or opinion work product. *See* Local Rule 7-2(d). Therefore, the Court declines to consider whether Plaintiffs have demonstrated a substantial need for the report.

As to Plaintiffs' request for fees incurred in bringing this motion, the Court declines to award such fees.

Accordingly, the Court **GRANTS** the motion to compel the MDP/Decision Point report. Docket No. 49.

**IV.   CONCLUSION**

For the reasons provided above, the Court **GRANTS** Plaintiffs' motion to compel.  Docket No. 49.  The ordered discovery must be provided no later than May 5, 2026.

IT IS SO ORDERED.

Dated: April 28, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge