**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDGAR HERNANDEZ, *et al.*,

Plaintiffs,

vs.

PROGRESSIVE DIRECT INSURANCE COMPANY, *et al.*,

Defendant.

Case No.: 2:25-cv-00771-GMN-NJK

**ORDER GRANTING MOTION FOR RECONSIDERATION**

Pending before the Court is the Motion for Reconsideration, (ECF No. 44), filed by Plaintiffs Edgar Hernandez and Matthew Martino. Defendant Progressive Direct Insurance Company ("Progressive") filed a Response, (ECF No. 52), to which Plaintiffs replied, (ECF No. 56). Further pending before the Court is Plaintiffs' Alternative Motion to Determine Order Dismissing Defendant Victoria L. Pearl and Denying Motion to Remand as Final, (ECF No. 45). Defendant Progressive filed a Response, (ECF No. 53), to which Plaintiffs filed a Reply, (ECF No. 57). Additionally pending before the Court is the Motion for Summary Judgment Regarding the Claims of Matthew Martino, (ECF No. 40), filed by Defendant Progressive. Plaintiffs filed a Response, (ECF No. 47), to which Defendant Progressive filed a Reply, (ECF No. 54). Next pending before the Court is the Motion for Summary Judgment, (ECF No. 81), filed by Defendant Progressive. Plaintiffs filed a Response, (ECF No. 85), to which Progressive replied, (ECF No. 89). Further pending before the Court is the Objection to Magistrate Judge Koppe's Order Extending Case Management Deadlines, (ECF No. 91), filed by Defendant Progressive. Plaintiffs filed a Response, (ECF No. 95). Finally pending before the Court is the Objection to Magistrate Judge Koppe's Order Compelling Production of Documents, (ECF No. 92), filed by Defendant Progressive. Plaintiffs filed a Response, (ECF

No. 99).

For the reasons discussed below, the Court GRANTS Plaintiffs' Motion for Reconsideration, remands the case, and DENIES all other pending motions as moot.

## I. BACKGROUND

This case arises from an insurance contract dispute between the parties. (Compl. ¶¶ 13–22, ECF No. 1-2). Following a motor vehicle accident between Plaintiffs, Plaintiff Edgar Hernandez submitted a policy limit demand to Progressive, which was denied. (*Id.* ¶ 21). The demand was assigned to Defendant Victoria Pearl, an insurance claims adjuster employed by Progressive. (*Id.* ¶¶ 4, 21). The policy limit demand submitted by Hernandez was denied by Progressive, which instead offered Hernandez a much lower amount. (*Id.* ¶ 21). Hernandez rejected the counteroffer and thereafter filed suit against Plaintiff Matthew Martino in state court, asserting claims for negligence. (*Id.* ¶¶ 22–25). Plaintiffs allege that Progressive failed to inform Martino that, due to his failure to settle the claim, he could be liable for damages exceeding the $25,000 policy limit. (*Id.* ¶ 27). Plaintiffs further allege that Progressive failed to inform Martino of certain settlement offers made by Hernandez. (*Id.* ¶ 35). The underlying suit between the Plaintiffs proceeded to a jury trial, which resulted in a judgment against Martino in the amount of $130,187.48. (*Id.* ¶ 41).

Plaintiffs filed their initial Complaint in the Eighth Judicial District Court for the State of Nevada, asserting seven causes of action: (1) breach of contract against Progressive, (2) tortious breach of the implied covenant of good faith and fair dealing against both Progressive and Pearl, (3) contractual breach of the implied covenant of good faith and fair dealing against Progressive, (4) unfair practice claims under Nevada Revised Statutes ("NRS") 686A.310 and 686A.675 against Progressive, (5) declaratory relief, (6) satisfaction and enforcement of judgment, and (7) absolute liability under NRS 485.3091. (*Id.* ¶¶ 49–170). Defendants thereafter removed to this Court. (Pet. Removal 1:20–25, ECF No. 1).

Plaintiffs then moved to remand this case to state court, arguing that the Court had no subject matter jurisdiction because both Progressive and Pearl are residents of Nevada. (*See generally* Mot. Remand, ECF No. 15). The Court denied Plaintiffs' Motion to Remand, finding that Defendant Pearl was fraudulently joined because, under settled Nevada law, there was no possibility that a Nevada state court could find that Plaintiffs' Complaint stated a claim against Pearl. (Order Denying Mot. Remand 5:1–6:19, ECF No. 42). Plaintiffs now move the Court to reconsider that order. (*See generally* Mot. Reconsider., ECF No. 44).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59, a district court may grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error, or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Further, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. Moreover, Rule 60(b) permits a court to grant relief from a final order on a showing of mistake, surprise, or excusable neglect, Rule 60(b)(1); newly discovered evidence, Rule 60(b)(2); fraud, Rule 60(b)(3); a void judgment, Rule 60(b)(4); a satisfied or discharged judgment, Rule 60(b)(5); or other circumstances justifying relief, Rule 60(b)(6). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1. "Motions for reconsideration are disfavored." *Id.*

///

///

///

## III. DISCUSSION

### A. The Court's Previous Order

Plaintiffs move for reconsideration of the Court's Order Denying Motion to Remand, (ECF No. 42), arguing that the Court erred in concluding that Defendant Pearl was fraudulently joined. (*See* Mot. Reconsider. 4:20–6:18). Specifically, Plaintiffs contend that the Court erred in failing to consider whether the deficiencies of their Complaint could be cured by amendment. (*Id.* 5:18–6:18).

Joinder of a nondiverse defendant is deemed fraudulent in two situations: first, where there is "actual fraud in the pleading of jurisdictional facts," and second, where the plaintiff fails "to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)) (internal quotation marks omitted). With respect to the second situation, fraudulent joinder is established if a defendant shows that an individual joined in the action "cannot be liable on any theory." *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)) (internal quotation marks omitted).

However, so long as there is a *possibility* that a state court could find that the complaint states a claim against the allegedly fraudulent defendant, a federal court must find that the joinder was proper and remand the case to the state court. *Hunter*, 582 F.3d at 1046. Further, even if a defendant's complaint does not state a claim against the allegedly fraudulent defendant, courts must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550.

In its previous Order, the Court concluded that there was no possibility that Plaintiffs' claim for tortious breach of the implied covenant of good faith and fair dealing could be asserted against Pearl under settled Nevada law. (Order Denying Mot. Remand 5:21–6:19).

Because that was the only claim asserted against Pearl, the Court concluded that she was fraudulently joined and denied Plaintiffs' Motion for Remand. (*Id.* 6:16–19). However, the Court did not consider whether Plaintiffs could have amended their Complaint to cure this deficiency. (*See id.* 6:7–15). The Court agrees that it was error not to consider Plaintiffs' ability to amend their Complaint. *See Grancare*, 889 F.3d at 550; *see also Yates v. United Servs. Auto. Ass'n*, No. 2:25-cv-00935-ART-DJA, 2026 WL 222366, at *3 (D. Nev. Jan. 28, 2026). Accordingly, the Court now considers whether it is possible for Plaintiffs to amend their Complaint such that it states a claim against Defendant Pearl.

**B. Amendment to Plaintiffs' Complaint**

Plaintiffs now argue[1] that they can cure the deficiency in their Complaint by adding a claim for negligence against Pearl. (Mot. Reconsider. 4:22-25). Plaintiffs contend that because it is not settled under Nevada law that a claim for negligence can be asserted against a claims adjuster, it remains possible that a Nevada state court could find that their Complaint states a claim against Pearl. (Mot. Reconsider. 5:18–6:18). In response, Progressive argues that any claim for negligence against Pearl would be barred by the statute of limitations. (Resp. Mot. Reconsider. 4:13–23, ECF No. 52).

As the Court noted in its original Order, the Nevada Supreme Court has not explicitly held that a claim for negligence can or cannot be asserted against a claims adjuster. *See O'Brien v. Progressive Direct Ins. Co.*, No. 2:20-CV-1901-JCM-NJK, 2021 WL 2301928, at *3–4 (D. Nev. June 4, 2021); *Silon v. Am. Home Assur. Co.*, No. 2:08-CV-1798-RCJ-LRL, 2009 WL 1090700, at *2 3 (D. Nev. Apr. 21, 2009). Because a claims adjusters' liability for negligence is an open question under Nevada law, the Court cannot conclude that there is no possibility that a state court would find that Plaintiffs can state a claim for negligence against Pearl.

[1] Plaintiffs also raised this argument, albeit indirectly, in support of their original Motion to Remand. (Mot. Remand 3:22–24, 9:10–15); (Reply Mot. Remand 3:19–24, ECF No. 23).

Further, Progressive's arguments are unpersuasive. Progressive first argues that Plaintiffs could not cure the deficiencies of their Complaint by amendment because they never asserted a claim for negligence against Pearl. (Resp. Mot. Reconsider. 4:5–28). However, under the Nevada Rules of Civil Procedure ("NRCP"), leave to amend a complaint "shall be freely given where justice so requires." Nev. R. Civ. P. 15(a). That rule "requires courts to err on the side of caution and permit amendments that appear arguable or even borderline." *Lennox Indus., Inc. v. Aspen Mfg., Inc.*, No. 72125, 2018 WL 1989558, at *2 (Nev. Apr. 24, 2018) (quoting *Nutton v. Sunset Station, Inc.*, 357 P.3d 966, 975 (Nev. App. 2015)) (internal quotation marks omitted). Again, the standard the Court must apply here is whether Plaintiffs could *possibly* state a claim for negligence against Pearl. *Hunter*, 582 F.3d at 1046. Here, Plaintiffs' potential claim for negligence would arise out of the same facts alleged in their Complaint. (*See generally* Compl.); (Reply Mot. Reconsider. 5:19–6:16). Given the permissiveness of NRCP 15(a), the Court cannot conclude that there is no possibility that a Nevada state court would grant Plaintiffs leave to amend to add a claim for negligence.

Progressive next argues that any claim for negligence asserted against Pearl would be time-barred. (Resp. Mot. Reconsider. 4:13–23). Under Nevada law, the statute of limitations for negligence claims is two years. Nev. Rev. Stat. 11.190(4)(e). Progressive reasons that because Pearl's handling of the claim which forms the basis of the Complaint concluded in 2021, and the Complaint was filed in 2024, a claim for negligence against Pearl would be time-barred. (Resp. Mot. Reconsider. 4:13–23).

The Nevada Supreme Court has explained that the "general rule concerning statute of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief can be sought." *Peterson v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). However, the "discovery rule" operates as an exception to that general rule. *Id.* Under the discovery rule, a claim does not accrue "until the injured party discovers or reasonably should discover facts

supporting a cause of action." *Id.* (citing *Sorenson v. Pavlikowski*, 581 P.2d 851, 853–54 (Nev. 1978)); *see Adkins v. Union Pac. R.R. Co.*, 554 P.3d 212, 220 (Nev. 2024) (concluding that the discovery rule tolls NRS 11.190(4)(e)'s two-year limitations period).

Here, Plaintiffs ground their potential claim for negligence in the theory that Pearl negligently failed to communicate potential verdict exposure and settlement options to Plaintiff Martino during the pendency of the underlying litigation. (Reply Mot. Reconsider. 8:10–11). Accordingly, they argue that their negligence claim would not accrue until Martino discovered the potential verdict value, which they contend did not happen until January 2023. (*Id.* 8:20–22). Alternatively, Plaintiffs contend that the injury associated with their negligence claim was the entry of judgment in the underlying litigation, which occurred on June 30, 2023. (*Id.* 8:27–9:4). Under either theory, Plaintiffs assert, their claim for negligence did not accrue until less than two years before they filed their instant Complaint. (*Id.* 9:8–15).

The Court need not determine whether a Nevada state court would consider Plaintiffs' negligence claim time-barred. So long as it is possible that a Nevada state court would permit Plaintiffs to assert a negligence claim against Pearl, the Court cannot find her to be fraudulently joined. Ultimately, the Court cannot conclude that it is not possible that a Nevada state court would prohibit Plaintiffs' negligence claim as time-barred. Thus, the Court declines to find that Pearl was fraudulently joined.

Accordingly, the Court GRANTS Plaintiffs' Motion for Reconsideration and remands the case. Because the Court now remands this action, it need not consider the remaining motions filed by the parties.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration, (ECF No. 44), is **GRANTED**.

///

**IT IS FURTHER ORDERED** that Plaintiffs' Alternative Motion to Determine Order Dismissing Defendant Victoria L. Pearl and Denying Motion to Remand as Final, (ECF No. 45), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Progressive's Motion for Summary Judgment Regarding Claims of Matthew Martino, (ECF No. 40), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Progressive's Motion for Summary Judgment, (ECF No. 81), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Progressive's Objection to Magistrate Judge Koppe's Order Extending Case Management Deadlines, (ECF No. 91), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Progressive's Objection to Magistrate Judge Koppe's Order Compelling Production of Documents, (ECF No. 92), is **DENIED** as moot.

The Clerk of Court is kindly directed to close this case.

**DATED** this 24 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT